# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN FERRAIUOLO<br>2055 E. 58th Street, Apt. 137H<br>Brooklyn, NY 11234 | CIVIL ACTION |
|                     Plaintiff | No.:  2:26-cv-2224 |
|      vs. | |
| MOUNT AIRY #1 LLC a/k/a d/b/a MOUNT<br>AIRY RESORT & CASINO a/k/a d/b/a MOUNT<br>AIRY CASINO RESORT<br>229 Main Street-Sturges<br>Olyphant, PA 18447<br>       And<br>MOUNT AIRY CASINO RESORT, LP<br>312 Woodland Road<br>Mt. Pocono, PA 18344<br>       And<br>MOUNT AIRY #2, LLC<br>229 Main Street-Sturges<br>Olyphant, PA 18447<br>       And<br>MOUNT AIRY HOLDCO LLC<br>c/o CT Corporation System<br>600 N. 2nd Street, Ste. 401<br>Harrisburg, PA 17101 | |
|                 Defendants | |

## PLAINTIFF'S CIVIL ACTION COMPLAINT

The plaintiff, John Ferraiuolo, residing at 2055 E. 58th Street, Apt. 137H, Brooklyn, NY

11234, by way of Complaint against the defendants says:

## JURISDICTION

Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is a resident of a different state from the defendants and because the value of the matter in controversy exceeds $75,000.00.

## VENUE

Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which this claim is based occurred in Pennsylvania.

## PARTIES

1. Plaintiff, John Ferraiuolo, is an adult individual residing at 2055 E. 58th Street, Apt. 137H, Brooklyn, NY 11234.

2. Defendant, Mount Airy #1 LLC a/k/a d/b/a Mount Airy Resort & Casino a/k/a d/b/a Mount Airy Casino Resort, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its regular place of doing business at 229 Main Street-Sturges, Olyphant, PA 18447.

3. Defendant, Mount Airy Casino Resort, LP, is a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania with it regular place of doing business at 312 Woodland Road, Mt. Pocono, PA 18344.

4. Defendant, Mount Airy #2, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its regular place of doing business at 229 Main Street-Sturges, Olyphant, PA 18447.

5. Defendant, Mount Airy Holdco LLC, is a limited liability company organized and existing under the laws of the State of Delaware with a registered agent at CT Corporation System, 600 N. 2nd Street, Ste. 401, Harrisburg, PA 17101.

**STATEMENT OF FACTS**

6.      On or about October 28, 2024, Plaintiff, John Ferraiuolo, was a guest inside Mount Airy Casino Resort, 312 Woodland Road, Mr. Pocono, PA 18344, Monroe County, in the Commonwealth of Pennsylvania, which was owned, operated, managed and/or controlled, individually, jointly and/or severally, by Defendants Mount Airy #1 LLC a/k/a d/b/a Mount Airy Resort & Casino a/k/a d/b/a Mount Airy Casino Resort, Mount Airy Casino Resort, LP, Mount Airy #2, LLC, and Mount Airy Holdco LLC.

7.      At all times relevant hereto, Defendants, Mount Airy #1 LLC a/k/a d/b/a Mount Airy Resort & Casino a/k/a d/b/a Mount Airy Casino Resort, Mount Airy Casino Resort, LP, Mount Airy #2, LLC, and Mount Airy Holdco LLC acted by and through its owners, members, employees and/or agents acting within the course and scope of their respective authority or employment or agency.

8.      At all times relevant hereto, Defendants acted individually, jointly and/or severally acted individually and/or by and through their respective duly authorized agents, servants, workmen, contractors and/or employees, acting within the scope and course of their employment to control, occupy, possess, maintain and inspect the premises, including the walking pathways to and from the pool area.

9.      At all times, relevant hereto, Defendants, individually, jointly and/or severally, had a duty to inspect, make repairs and maintain the premises in a safe condition for invitees, licensees and other individuals that came onto Defendants' premises, including the walking pathways to and from the pool area.

10.      At all times relevant hereto, Defendants, individually, jointly and/or severally, failed to property discover, remove, prevent slipping hazards on the floor of the premises, and failed to properly hire, manage, train, supervise and/or retain competent agents, servants,

workmen, contractors and/or employees to do so, which created and allowed a dangerous condition on the premises.

11.    At all times relevant hereto, Defendants, individually, jointly and/or severally, failed to take all necessary steps to protect invitees, licensees, and others, including Plaintiff, from unsafe and hazardous conditions on Defendants' premises, including the walking pathways to and from the pool area.

12.    On or about October 28, 2024, Plaintiff, John Ferraiuolo, while properly and lawfully a guest of Mount Airy Casino Resort, was walking along the pathway through the lobby of Defendants' premises, suddenly and without warning was caused to slip and fall due to liquid that existed on the floor of the pathway causing him to sustain serious and debilitating injuries which are more fully set forth at length herein.

13.    Defendants, individually, jointly and/or severally, acting individually and/or by and through their respective agents, servants, workmen, contractors, and/or employees, had actual and/or constructive notice of the defect that existed on the premises for an unreasonable period of time prior to Plaintiff's incident, and/or created the subject hazardous condition.

14.    Defendants, individually, jointly and/or severally, acting individually and/or by or through their respective agents, servants, workmen, contractors, and/or employees, had actual or constructive notice prior to Plaintiff's incident that the defect on the premises created a hazard and danger to invitees, licensees, and others, including Plaintiff.

15.    At the time and place aforesaid, Defendants, jointly and/or severally, carelessly and negligently owned, occupied, inspected, controlled and maintained the premises and failed to properly identify, repair and/or correct the defective condition, despite Defendants' knowledge that the defect existed prior to Plaintiff's incident.

16. At the time and place aforesaid, Defendants, jointly and/or severally, acting individually and/or by their respective agents, servants, workmen, contractors, and/or employees were responsible for inspecting and maintaining the subject premises and failed to do so.

17. At the time and place aforesaid, Defendants, jointly and/or severally, acting individually and/or by their respective agents, servants, workmen, contractors, and/or employees were responsible for inspecting and maintaining the subject premises and failed to do so.

18. At the time and place aforesaid, Defendants, jointly and/or severally, acting individually and/or by their respective agents, servants, workmen, contractors, and/or employees, created and/or permitted an unreasonable and dangerous defect on the premises and failed to take all necessary and reasonable actions to ensure the property was free of the dangerous defect that caused Plaintiff to become injured.

19. As a direct and proximate result of the negligence and carelessness of the Defendants, jointly and/or severally, as aforesaid, Plaintiff sustained serious injuries described herein at length.

**COUNT I - NEGLIGENCE**
**JOHN FERRAIUOLO v. MOUNT AIRY #1 LLC a/k/a d/b/a MOUNT AIRY RESORT & CASINO a/k/a d/b/a MOUNT AIRY CASINO RESORT, MOUNT AIRY CASINO RESORT, LP, MOUNT AIRY #2, LLC, and MOUNT AIRY HOLDCO LLC**

20. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

21. Defendants, jointly and/or severally, by and through their respective agents, servants, workmen and/or employees, were negligent and careless in:

    a. Failing to properly and adequately inspect and maintain the premises and its common areas;

    b. Failing to remove defects on the premises, including walking pathways to and from the pool;

c. failing to train Defendants' agents, servants, workers, contractors and/or their employees to ensure the premises was not in a hazardous condition caused by a defect in the nature of liquid on the floor of the premises at or near the walking pathways to and from the pool;

d. failing to properly train and supervise their agents, servants, employees, workmen, contractors, and subcontractors regarding the identification and removal of defects and/or walkway hazards on the premises including the areas at or near the walking pathways to and from the pool;

e. failing to select, hire, employ, supply and contract with competent contractors/subcontractors for the identification, prevention, removal and repair of slipping hazards and defective conditions on the premises, including along the walking pathways to and from the pool;

f. failing to warn Plaintiff of the dangerous and unsafe conditions on the premises, including the walking pathways to and from the pool and the lipping hazards in, around, and/or near the walking pathways to and from the pool;

g. violating and failing to comply with applicable federal and state statutes, local ordinances, and all administrative and industry practices otherwise pertaining to slipping hazards;

h. failing to adequately inspect and maintain the premises, including on the walking pathways to and from the pool, to keep it free and clear of hazardous conditions;

i. exposing Plaintiff to an unreasonable risk and danger by failing to provide proper and adequate inspections and maintenance of the premises;

j. failing to warn Plaintiff of the peculiar, dangerous and unsafe conditions then and there existing upon the premises;

k. failing to repair defects on the premises when Defendants knew or should have known that invitees would be walking on pathways near the pool area;

l. failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans with regard to the inspection, detection, repair and removal of slipping hazards and dangerous conditions on the premises;

m.  failing to provide all necessary verbal and written warnings to Plaintiff regarding the slipping hazard and/or dangerous condition on the premises;

n.  allowing the defect to remain on the premises for an unreasonable amount of time;

o.  creating a hazardous condition on the premises; and,

p.  failing to take all reasonable and necessary action to prevent, identify, and remove the hazardous condition on the premises, including the liquid that was in a reasonably expected walkway.

22.  By reason of the Defendants' negligence and carelessness, jointly and/or severally, as aforesaid, Plaintiff, John Ferraiuolo, was caused to sustain severe, permanent and debilitating injuries including but not limited to comminuted intra-articular fracture of the humeral subcapital neck and greater tuberosity with posterior lateral distraction, left shoulder pain, left shoulder swelling, and decreased range of motion in his left shoulder.

23.  Plaintiff has in the past and may in the future continue to require surgery and/or additional treatment.

24.  Plaintiff has in the past and will in the future incur expenses for medical care and treatment.

25.  Plaintiff has had to date undergone numerous X-rays, CT scans, and other diagnostic testing.

26.  Plaintiff has undergone numerous tests and physical therapy.

27.  Plaintiff sustained other orthopedic, neurological, internal, and psychological injuries, the full extent of which have yet to be determined.

28.  Plaintiff has sustained severe shock and injury to his nerves and nervous system.

29.     Plaintiff has in the past required and may in the future continue to require medicines, medical aid, medical care, therapy, and treatment and rehabilitation.

31.     Plaintiff has in the past suffered and may in the future continue to suffer agonizing aches, pains, suffering and mental anguish.

32.     Plaintiff has in the past or may in the future suffer scarring and/or disfigurement.

33.     Plaintiff has in the past and may in the future continue to be disabled from performing his usual duties and avocations, all to his great loss and detriment.

34.     Plaintiff has endured pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, John Ferraiuolo, claim of Defendants, Mount Airy #1 LLC a/k/a d/b/a Mount Airy Resort & Casino a/k/a d/b/a Mounty Airy Casino Resort, Mount Airy Casino Resort, LP, Mount Airy #2, LLC, and Mount Airy Holdco LLC a sum in excess of $150,000.00 in compensatory damages, delay damages, interests, allowable costs of suit and bring this action to recover same.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

**GROEN STROKOFF O'NEILL, LLC**

BY:

Max I. Goldberg, Esq.
ID No.: 322532
GROEN STROKOFF O'NEILL
125 E. Elm Street, Suite 200
Conshohocken, PA 19428
Phone: (215) 297-6156
Fax: (215) 297-6156
Email: Max@GSOLawyers.com

Date: April 6, 2026

## VERIFICATION

I, _John Ferraiuolo_, Plaintiff herein, made this verification and state that the statements made in the Complaint are true and correct to the best of my knowledge, information and belief.

I, the undersigned, understand that the statements therein are made subject to penalties of 18 Pa. C.S.A § 4904, relating to unsworn falsification to authorities.

_____
Signature

Date: _3-24-2026_