**IN THE UNITED STATES DSITRICT COURT**
**FOR THE EASTERN DISTIRCT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN FERRAIUOLO | : | |
| | : | No. 26-cv-2224-JMY |
| vs. | : | |
| | : | |
| MOUNT AIRY #1 LLC a/k/a d/b/a MOUNT AIRY RESORT & CASINO a/k/a d/b/a MOUNT AIRY CASINO RESORT, MOUNT AIRY CASINO RESORT, LP, MOUNT AIRY #2 LLC, MOUNT AIRY HOLDCO LLC. | : | |

**MEMORANDUM**

**YOUNGE, J.** September 16, 2026

Currently before the Court is a Motion to Transfer Venue Pursuant to Fed. R. Civ. P. 12(b)(3) that was filed by the Defendants. (Motion to Transfer Venue Pursuant to Fed. R. Civ. P. 12(b)(3); ECF No. 15.) In their motion, Defendants argue that this matter should be transferred to the Middle District of Pennsylvania under 28 U.S.C. § 1406(a) because venue is improper in the Eastern District of Pennsylvania. (*Id.*) The Defendants also seek transfer to the Middle District of Pennsylvania under 28 U.S.C. 1404(a) ("[f]or the convenience of the parties and witnesses, in the interest of justice.") (*Id.*)

The Court finds this matter appropriate for resolution without oral argument. Fed R. Civ. P. 78: L.R. 7.1(f). For reasons set forth in this Memorandum, the Court will grant Defendants' Motion and transfer this matter to the Middle District of Pennsylvania.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY:

When Plaintiff John Ferraiuolo filed his Complaint, he resided at 2055 E. 58th Street, Apt. 137H, Brooklyn, New York 11234. (Complaint ¶ 1; ECF No. 1.) Plaintiff alleges that, on or about October 28, 2024, he was a guest at Mount Airy Casino Resort, located at 312

Woodland Road, Mt. Pocono, Pennsylvania 18344, in Monroe County, Pennsylvania. Plaintiff alleges that, while at Mount Airy Casino Resort, he slipped and fell due to liquid on the floor. (Complaint ¶¶ 6, 12.) In the Designation Form attached to the Complaint, Plaintiff identifies Mount Airy Casino Resort, 312 Woodland Road, Mt. Pocono, Pennsylvania 18344, as the place of accident, incident, or transaction. (Designation Form, ECF No. 1-2.) Mt. Pocono is located in Monroe County, Pennsylvania. Monroe County is within the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118(b).

The named Defendants in this lawsuit are: Mount Airy #1 LLC; Mount Airy #2, LLC; Mount Airy Casino Resort, LP; and Mount Airy Holdco, LLC. (Complaint ¶¶ 2-5.) The Complaint identifies the Defendants as being located in: Olyphant, Pennsylvania; Mt. Pocono, Pennsylvania; and Harrisburg, Pennsylvania. (*Id.*) Olyphant is in Lackawanna County. Mt. Pocono is in Monroe County. Harrisburg is in Dauphin County. Lackawanna County, Monroe County, and Dauphin County are located within the geographic boundaries of the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118(b).

## II. LEGAL STANDARD:

Pursuant to Federal Rule of Civil Procedure 12(b)(3) a defendant may assert as a defense that the plaintiff has brought its case in an improper venue. Fed. R. Civ. P. 12(b)(3). When deciding a Rule 12(b)(3) motion based on improper venue, a court must accept as true the allegations in the complaint, although the parties may submit affidavits to support their positions. *Leone v. Cataldo*, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008). The defendant bears the burden of showing improper venue. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). If the Court grants a Rule 12(b)(3) motion based on improper venue, the Court "shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III. DISCUSSION:

For reasons set forth in more detail hereinbelow, the Court grants the Defendants' motion to transfer this litigation to the Middle District of Pennsylvania. The Court transfers this litigation because it finds venue in the Eastern District of Pennsylvania is improper under 28 U.S.C. § 1406(a). The Court also finds that 28 U.S.C. § 1404(a) offers further justification for transfer of this litigation "[f]or the convenience of the parties and witnesses [and] in the interest of justice." *Id.*

### A. This Litigation Is Transferred to the Middle District of Pennsylvania under 28 U.S.C. § 1406(a):

The Court grants the Defendants' motion to transfer this litigation to the Middle District of Pennsylvania because it finds that venue is improper in the Eastern District of Pennsylvania under Section 1406(a). Plaintiff's claims arise from an alleged slip and fall at Mount Airy Casino Resort & Casino in Mt. Pocono, Monroe County, Pennsylvania. Monroe County is located in the Middle District of Pennsylvania. 28 U.S.C. § 118(b). Plaintiff fails to allege that any substantial part of the events or omissions giving rise to his claims occurred in the Eastern District of Pennsylvania.

When a case is filed in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue in this case is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving

> rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Court finds that venue in the Eastern District of Pennsylvania is not proper under Section 1391(b). First, venue is not proper under Section 1391(b)(1) because Plaintiff does not allege that any Defendant is physically located in the Eastern District of Pennsylvania. (Complaint ¶¶ 2-5.) Plaintiff alleges that Defendants conduct business within the geographic boundaries of the Middle District of Pennsylvania (*Id.*), so venue is proper in the Middle District of Pennsylvania under Section 1391(d). Second, venue is not proper in the Eastern District of Pennsylvania under Section 1391(b)(2). Under Section 1391(b)(2), the test for determining venue is "the location of those 'events or omissions giving rise to the claim.'" *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). To determine whether the events or omissions are "substantial," courts look to the nature of the dispute. *Post Acute Med., LLC v. Leblanc*, 826 F. App'x 163, 165 (3d Cir. 2020) (quoting *Cottman*, 36 F.3d at 295). In this instance, Plaintiff brings a premises liability lawsuit that arises from an alleged slip and fall that purportedly resulted in personal injury that occurred in Monroe County which is located within the geographic confines of the Middle District of Pennsylvania. (Complaint ¶¶ 6, 12.) Therefore, the events giving rise to this lawsuit occurred within the boundaries of the Middle District of Pennsylvania and not the Eastern District of Pennsylvania.

Third and finally, venue is not proper in the Eastern District of Pennsylvania under Section 1391(b)(3). That subsection applies only when there is no district in which the action may otherwise be brought under Sections 1391(b)(1) or 1391(b)(2). *See, e.g., Fallin v. Covenant Transp. Gp., Inc.*, No. 21-cv-00975, 2023 U.S. Dist. LEXIS 55642, at *19 (M.D. Pa. Mar. 30,

2023). This action could have been brought in the Middle District of Pennsylvania because the alleged incident occurred there and the subject property is located there. Accordingly, Section 1391(b)(3) does not support venue in the Eastern District.

In opposition to Defendants' motion to transfer venue, Plaintiff attempts to establish that venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1291(d). (Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue at ¶ 18, ECF No. 16; Plaintiff's Opposition Brief page 2-3, ECF No. 16-1.) Federal Rule of Civil Procedure 28 U.S.C. § 1391(d) reads in relevant part:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation **shall be deemed to reside in any district in that State** within which its contact would be sufficient to subject it to personal jurisdiction if that district were a separate State.

28 U.S.C. § 1391(d). Plaintiff suggests that venue is proper in the Eastern District of Pennsylvania because Pennsylvania has more than one federal district, and Defendants regularly conduct business in the Eastern District of Pennsylvania, so Defendants would be subject to personal jurisdiction in the Eastern District of Pennsylvania if it were its own state. (Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue ¶ 18; Plaintiff's Opposition Brief page 2-4.) For a defendant entity, the evaluation of whether venue is proper in a given location turns on whether the defendant is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2); *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F.Supp.2d 753, 761 (E.D. Pa. 2012).

Plaintiff cites to *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014), for the proposition that general personal jurisdiction exists where a defendant has contacts with the forum state that "are so continuous and systematic as to render the defendant essentially at home in the forum

state." (Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue ¶ 18; Plaintiff's Opposition Brief page 3.) Plaintiff then argues that venue is proper in the Eastern District of Pennsylvania because Defendants hold a Pennsylvania Gaming Control Board license, and they operate an online sportsbook, known as the "FoxBet Sportsbook" website. (Plaintiff's Opposition Brief page 4.) Plaintiff further points to the fact that Defendants operate poker games and an online casino through the website and mobile application "PokerStars." (*Id.*) Additionally, Plaintiff contends that venue is proper in the Eastern District because Defendants operate various shuttle, charter, and bus services to assist patrons in commuting between various locations in the Eastern District of Pennsylvania to Mount Airy Resort & Casino which Defendants advertise is "two hours or less from Philadelphia, New York City, and northern New Jersey." (Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue ¶ 18.)

The Court finds that the facts and evidence cited by Plaintiff are insufficient to establish that venue is appropriate in the Eastern District of Pennsylvania based on a theory of general jurisdiction. The Court is not persuaded by the fact that Defendants allegedly operate online gambling and betting operations that are available to patrons in the Eastern District of Pennsylvania. The Court is equally unpersuaded to find general jurisdiction based on allegations that Defendants operate bus routes that run through the Eastern District of Pennsylvania. The factual contentions asserted by Plaintiff fail to establish venue based on a theory of general jurisdiction because general jurisdiction is available only where a corporate defendant's affiliations with the forum "are so constant and pervasive as to render it essentially at home in the forum." *Daimler AG*, 571 U.S. at 122 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011).

For a corporate entity, the paradigm forums for a plaintiff to file a lawsuit are the corporate entities' place of incorporation and principal place of business. *Id.* at 137, 139 n.19. The concept that a corporation is at home wherever it conducts "substantial, continuous, and systematic" business has been rejected by the United States Supreme Court. *Daimler AG*, 571 U.S. at 138. The United States Supreme Court has also found that continuous business activity of some sort in a forum is not enough to subject a defendant to suit on claims unrelated to that activity, and that even regularly occurring sales do not justify jurisdiction over unrelated claims. *Goodyear Dunlop Tires Operations,* 564 U.S. at 916, 930 n.6. As the Supreme Court has recognized, "[i]t is one thing to hold a corporation answerable for operations in the forum [yet] quite another to expose it to suit on claims having no connection whatever to the forum." *Daimler AG*, 571 U.S. at 139 n.19.

The Court would also reject any attempt by Plaintiff to establish venue based on a theory of specific jurisdiction because specific jurisdiction requires "an affiliation between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations*, 564 U.S. at 919. For specific jurisdiction to be appropriate, a defendant must purposefully direct activities at the forum, and the litigation must arise out of or relate to at least one of those forum activities. *Kimmel*, 847 F. Supp.2d at 761. Specific jurisdiction is therefore claim-specific, and the question is not whether the Defendants have some business connection to the Eastern District; rather, the question is whether Plaintiff's premises-liability claim arises out of or relates to the Defendants' alleged business activities in the Eastern District of Pennsylvania.

The Court finds nothing in the fact pattern of this case to establish that Defendants' online gaming operations or shuttle bus service were in any way implicated in Plaintiff's alleged slip-and-fall accident. For example, Plaintiff makes no allegation that he traveled to Mount Airy

Hotel & Casino on the day of his slip-and-fall accident by using Defendants' shuttle bus service. Therefore, the Court finds that venue is improper in the Eastern District of Pennsylvania.

**B. Defendants' Motion to Transfer for Forum Non-Conveniens under 28 U.S.C. § 1404(a) Offers an Appropriate Grounds for Transfer of this Litigation:**

The Court finds that the doctrine of forum non-conveniens as codified in 28 U.S.C. § 1404(a) offers an alternative justification for transfer of this matter to the Middle District of Pennsylvania. Section 1404(a) reads in relevant part, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). "[The statute] provides for the transfer of a case where both the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer ... [thus] calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In ruling on a Section 1404(a) motion, district courts are cautioned that "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d 879.

Courts located within the jurisdiction of the Third Circuit Court of Appeals apply a two-step inquiry when deciding a motion to transfer venue filed under Section 1404(a). *In re Amkor Tech., Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 93931, *5 (E.D. Pa. 2006) (citing *Jumara*, 55 F.3d at 879). First, the Court must decide whether venue would be proper in the proposed transferee district. *Id.* Second, the court must evaluate an array of private and public interest factors. *Id.* These factors go beyond the three enumerated in Section 1404(a) (convenience of parties, convenience of witnesses, and interests of justice) and encompass all considerations relevant to

the determination of whether "on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.

"In evaluating whether a transfer is appropriate, courts are not limited to the factors itemized in Section 1404(a). Instead, courts should consider all relevant factors to determine whether, on balance, justice and convenience would be better served after a transfer to a different forum." *Seidman v. Hamilton Beach Brands, Inc.*, No. 24-cv-6033, 2025 U.S. Dist. LEXIS 52819, at *32-33 (E.D. Pa. Mar. 21, 2025). The panel in *Jumara* articulated several private and public factors that district courts should apply when analyzing a Section 1404(a) transfer motion. The private factors are:

> [1] Plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claims arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition, [5] the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)[.]

*Jumara*, 55 F.3d at 879. The public factors are:

> [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive, [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-880. A defendant who requests transfer bears the burden of establishing that the above factors weigh in favor of transfer. Courts also retain authority to transfer cases under Section 1404 *sua sponte*. *Seidman*, 2025 U.S. Dist. LEXIS 52819, at *3.

**The Middle District of Pennsylvania Offers A Proper Venue to Resolve this Litigation:**

Under the first step of the analysis espoused hereinabove that is used to evaluate a motion to transfer under Section 1404(a), the Court must first determine whether the proposed transferee

district – the Middle District of Pennsylvania – offers a proper venue to litigate this lawsuit. *In re Amkor Tech., Inc. Sec. Litig.*, 2006 U.S. LEXIS 93931, *5 (E.D. Pa. 2006) (the Court must first determine if venue is proper in the proposed transferee district). If the Court were to accept Plaintiff's version of the facts as pled in the Complaint (Complaint ¶¶ 2-5), then the Middle District of Pennsylvania offers an appropriate and proper venue for this litigation. Under 28 U.S.C. § 1391(d), venue is proper for a defendant corporation in any judicial district with which it has sufficient contact to establish personal jurisdiction if that district were a state. *Id.* Venue is also proper in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Plaintiff alleges that Defendants maintain a physical place of regular business that is located within the geographic boundaries of the Middle District of Pennsylvania (Complaint ¶¶ 2-5) which means that venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(d). Plaintiff also alleges that he suffered the personal injuries at issue in this litigation when he slipped and fell at Mount Airy Resort & Casino in Monroe County. (Complaint ¶ 12.) Therefore, a substantial part of events or omissions giving rise to this lawsuit occurred in Monroe County which satisfies the necessary requirements to establish proper venue in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b)(2).

**The Private and Public Interest Factors Espoused in *Jumara* Weigh in Favor of Transfer to the Middle District of Pennsylvania:**

The Court's evaluation of the private and public interest factors weighs in favor of transferring this lawsuit to the Middle District of Pennsylvania. In evaluating the private interest factors at play in this litigation, Plaintiff's residence/domicile in New York is a factor that should be considered when evaluating Plaintiff's decision to file this lawsuit in the Eastern District of Pennsylvania. Although the Third Circuit Court of Appeals has not spoken directly on the issue

of how much deference to afford a plaintiff's choice of forum when plaintiff is not at home in the forum, district courts within the Circuit have followed the rule that in such circumstances a plaintiff's choice of forum is entitled to less weight. *In Re Amkor Tech, Inc. Sec. Litig.*, 2006 U.S Dist. LEXIS 93931, *5 (E.D. Pa. 2006) (citing *First Union Nat'l Bank v. United States*, 55 F. Supp. 2d 331, 332-33 (E.D. Pa. 1999); *Cable v. Allied Interstate, Inc.*, No. 12-cv-96, 2012 Dist. LEXIS 67111, *6 (E.D. Pa. May 11, 2012). The Court also takes into account the fact that Defendants would prefer to litigate this matter in the Middle District of Pennsylvania. Defendants' choice of venue is "entitled to considerably less weight than Plaintiff's, as the purpose of venue transfer is not to shift inconvenience from one party to another." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. 2008) (quoting *EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003)). However, Defendants' choice of forum is still a factor that the Court considers in conjunction with the fact that there is nothing in the record to suggest that trial of this matter in the Middle District of Pennsylvania would be no more or less convenient for the Plaintiff than trial in the Eastern District of Pennsylvania.

The Middle District of Pennsylvania offers better access to potential witnesses and evidence than the Eastern District of Pennsylvania. This is a premises liability lawsuit that arises from an alleged slip and fall that purportedly resulted in personal injury that occurred in Monroe County which is located within the geographic confines of the Middle District of Pennsylvania. As Courts located in the Eastern District have noted in the past, "[w]hen the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." *Hamilton v. Nochimson*, No. 09-cv-2196, 2009 U.S. Dist. LEXIS 62644, *8 (E.D. Pa. July 21, 2009); *Hayes v. Transcor Am., LLC*, No. 08-cv-293, 2009 U.S. Dist. LEXIS 53074, at

*16 (E.D. Pa. June 23, 2009). Presumably, the individuals who designed the physical plan for the premises at issue were aware that they were designing a site plan for a Hotel and Cassino in Monroe County. Furthermore, the individuals who were responsible for construction and/or maintenance of the premise were also in Monroe County when they performed duties associated with the premises. Therefore, the Middle District of Pennsylvania offers a more convenient location for potential witnesses who might be called to testify at trial. The Middle District of Pennsylvania would most definitely offer a clear advantage if the jury needs to view the location where the accident occurred at Mount Airy Resort & Casino. There is no indication Plaintiff, who lives in Brooklyn New York, was living within the boundaries of the Eastern District of Pennsylvania while he was recovering from purported injuries he suffered in the alleged slip and fall or while he was receiving medical care and/or therapy. There is simply nothing in the record to suggest that the Eastern District of Pennsylvania would provide better access to Plaintiff's medical records or testimony from medical experts or treating doctors.

The Court's evaluation of the public interest factors espoused in *Jamara* suggests that a court located in the Middle District of Pennsylvania has a greater interest in this lawsuit than a court located in the Eastern District of Pennsylvania. From a public interest perspective, a court located in the Eastern District of Pennsylvania has little interest in the outcome of this litigation. Plaintiff brings a premises liability action against Defendants who operate a hotel and casino within the boundaries of the Middle District of Pennsylvania. There is no allegation that Plaintiff resided within the confines of the Eastern District of Pennsylvania at the time of the accident or that he traveled from the Eastern District of Pennsylvania to Mount Airy Resort & Casino on the day of his alleged slip and fall.

For the convenience of the Parties and in the interest of justice, the Court finds that transfer of this matter to the Middle District of Pennsylvania is appropriate.

**IV. CONCLUSION:**

For these reasons, Defendants' *Motion to Transfer Venue Pursuant to Fed. R. Civ. P. 12(b)(3)* is granted, and this matter is transferred to the Middle District of Pennsylvania.

BY THE COURT:

/s/ John Milton Younge
Judge John Milton Younge